[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (#101 — MOTION TO STRIKE)
The defendants Motion to Strike counts three and four of the complaint is granted.
Count three alleges that the defendants run a beach club which members of the public are invited to join for a fee; that the facilities at the club include a swimming pool with a water slide; that the eight year old Rimkus child was injured using the slide; that the defendants were negligent in the design, construction and use of the slide.
In the third count it is alleged that by charging the Rimkus family CT Page 5013 a fee for the use of the beach club, an express contract was created with an implied term being the facility would be reasonably safe for its customers: (The fourth count claims damages for breach of contract).
The plaintiff has alleged facts to support a claim of an implied contract. Although they, label it as an express contract with implied conditions, the facts alleged are not consistent with that position. Simply, there are no contractual terms expressed or alleged.
To quote from Rehor v. Boland, 16 CLR 106, Judicial District of New Haven, (1996), Corradino, J., "permitting an implied contract action and a [negligence] action would merely permit the placing of a different label on what is the same thing . . . that must be resolved legally in the same way." In Rehor, the plaintiff was a patient of the defendant dentist (who paid a fee for his services). She alleged a breach of the required standard of care.
The facts are not dissimilar from those in this case. The allegations do not support a cause of action for breach of contract.
Accordingly, the Motion to Strike counts three and four is granted.
KLACZAK, JUDGE.